UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------- X

GERRON HOYT,

                                Plaintiff,

         -against-

THE CITY OF NEW YORK, a municipal entity;
Police Officer AHMAD MOHAMED, in his
individual capacity; and Police Officer ASHLEY
STEVENS, in her individual capacity,

                                Defendants.

---------------------------------------------------------------- X

No. 24-cv-4889 (HG)

**FIRST AMENDED COMPLAINT**

<u>Jury Trial Demanded</u>

Plaintiff GERRON HOYT, as and for his First Amended Complaint, alleges as follows:

**<u>PRELIMINARY STATEMENT</u>**

1. On April 16, 2023, Plaintiff Gerron Hoyt was starting up his car outside his Staten Island home when NYPD Police Officer Ahmad Mohamed approached and, without any lawful basis, held Mr. Hoyt at gun point. The officer then ordered Mr. Hoyt out of his vehicle and to the ground, where he handcuffed Mr. Hoyt's wrists behind his back. Officer Mohamed and NYPD Police Officer Ashley Stevens, knowing that Mr. Hoyt was not the suspect they were looking for, nonetheless had Mr. Hoyt transported to the local precinct, where he was detained in custody for approximately five hours before being released without charges.

2. Officers Mohamed and Stevens knew the person they were chasing bore obvious and important differences to Mr. Hoyt. They also knew with certain that Mr. Hoyt was not their suspect because a bystander repeatedly and immediately told the officers, when they descended on Mr. Hoyt, "*That's not him! That's not him!*" Nonetheless, the officers continued to seize and detain

Mr. Hoyt, absent probable cause that he had committed any crime, merely because of his proximity to the fleeing suspect.

3. Mr. Lewis brings this lawsuit to demand accountability and receive compensation for the injuries he suffered.

## JURISDICTION AND VENUE

4. This Court has jurisdiction under 28 U.S.C. §§ 1331 and 1343(a)(3) and (4), as this action seeks redress for the violation of Plaintiff's constitutional and civil rights.

5. Venue is properly laid in the Eastern District of New York, because the acts and omissions described herein occurred in the jurisdiction of the Eastern District of New York.

## JURY DEMAND

6. Plaintiff demands a trial by jury in this action on each and every one of his claims for which jury trial is legally available.

## THE PARTIES

7. Plaintiff GERRON HOYT is, and was at all times relevant to this action, a resident of Richmond County in the State of New York.

8. Defendant THE CITY OF NEW YORK ("the City") is a municipal entity created and authorized under the laws of the State of New York.

9. Defendant the City of New York (the "City") is a municipal entity created and authorized under the laws of the State of New York. The City is authorized by law to maintain a police department and does maintain the New York City Police Department ("NYPD"). The NYPD acts as the City's agent and the City assumes the risks incidental to the maintenance of a police department and the employment of police officers.

10. Defendants Police Officer AHMAD MOHAMED and Police Officer ASHLEY STEVENS (collectively, the "Officer Defendants") were, at all times relevant to this action, employed by the City and acted under color of law in the course and scope of their duties and authority as officers, agents, servants, and employees of the NYPD and the City. They are sued in their individual capacities.

11. Defendant MOHAMED is the officer depicted in Figure 1 below.



*Fig. 1*

12. Defendant Officer STEVENS is the officer depicted in Figure 2 below.



*Fig. 2*

13. At all relevant times, the Officer Defendants violated Plaintiff's clearly established rights under the Fourth and Fourteenth Amendments to the United States Constitution, of which

reasonable law enforcement officers in their respective circumstances would have known were violations of Plaintiff's rights.

## COMPLIANCE WITH NEW YORK GENERAL MUNICIPAL LAW

14. On July 14, 2023, Plaintiff served a Notice of Claim upon the City by electronic means, as prescribed by the Office of the New York City Comptroller, within ninety days of the accrual of his claims.

15. On July 14, 2023, Plaintiff received confirmation that his Notice of Claim was received by the New York City Comptroller's Office and that it was assigned Claim No. 2023PI022783.

16. Defendant City conducted an examination of Plaintiff pursuant to New York General Municipal Law § 50-h on January 17, 2024.

17. More than thirty days have elapsed since the Notice of Claim was served on the New York City Comptroller's Office, and the City of New York has neglected and/or refused to adjust or pay said claims.

18. This action is filed within one year and ninety days of the events giving rise to plaintiff's claims.

## STATEMENT OF FACTS

19. On or around 3:00 p.m. on April 16, 2023, Mr. Hoyt exited his apartment on Vanderbilt Avenue in Staten Island, New York, after caretaking for his father.

20. After exiting his apartment, Mr. Hoyt sat down in the driver's seat of his SUV, which was parked around the corner on Hillside Avenue.

21. Shortly after Mr. Hoyt got in his vehicle, he observed a man run past the passenger side of his vehicle, enter a hatchback parked in front of his vehicle, and then exit the vehicle on the opposite side and continue running.

22. Mr. Hoyt did not exit his vehicle or otherwise react when this man ran by.

23. Shortly afterward, a uniformed NYPD Officer, Defendant AHMAD MOHAMED, approached Mr. Hoyt's vehicle on foot and pointed his gun at Mr. Hoyt through the driver's side window, as depicted in Figure 3 below.



*Fig. 3*

24. Defendant Mohamed then instructed Mr. Hoyt to show his hands and exit the vehicle, and Mr. Hoyt complied.

25. Defendant Mohamed kept his firearm pointed at Mr. Hoyt, as depicted in Figure 4 below.


*Fig. 4*

26. Defendant Mohamed then instructed Mr. Hoyt to lie on the ground, and Mr. Hoyt complied, as depicted in Figure 5 below.


*Fig. 5*

27. Defendant Mohamed then handcuffed Mr. Hoyt's wrists behind his back and Mr. Hoyt did not resist, as depicted in Figure 6 below.


*Fig. 6*

28. Around the same time that Defendant Mohamed handcuffed Mr. Hoyt, a bystander yelled out, "*That's not him! That's not him!*" while another uniformed NYPD Officer, Defendant ASHLEY STEVENS, approached.

29. Mr. Hoyt asked Defendants Mohamed and Stevens why he was being detained, and neither answered.

30. Defendants Mohamed and Stevens had Mr. Hoyt placed in the back of a police cruiser and transported to the 120th Precinct, located at 78 Richmond Terrace.

31. On arrival at the 120th Precinct, Mr. Hoyt was placed in a holding cell.

32. While at the precinct, Mr. Hoyt saw that officers had detained the man who had run by Mr. Hoyt's vehicle. The man bore obvious physical differences to Mr. Hoyt.

33. Hours after placing Mr. Hoyt in a holding cell, officers moved Mr. Hoyt to an interrogation room.

34. In the interrogation room, officers explained, in substance, that a crime had occurred a couple of blocks away from Mr. Hoyt's apartment and that the suspect ran past

7

Mr. Hoyt's car. The officers did not claim Mr. Hoyt was the suspect, but merely, in substance, a "person of interest" because he was in the vicinity when the actual suspect ran by Mr. Hoyt's car.

35. Mr. Hoyt was eventually released without charges around 8:00 p.m. He had spent approximately five hours in custody.

36. As a result of Defendants Mohamed and Stevens's aforementioned conduct, Mr. Hoyt suffered, among other things, the loss of his liberty, invasion of his personal safety and integrity, and the violation of his constitutional rights.

37. These injuries caused Mr. Hoyt to experience, and continue to experience, pain and suffering, distress, humiliation, fear, and embarrassment.

## FIRST CAUSE OF ACTION
### False Arrest Pursuant to 42 U.S.C. § 1983
### Against Officer Defendants

38. Plaintiff repeats the allegations contained in each of the foregoing paragraphs as though stated fully herein.

39. The Officer Defendants seized, detained, and arrested Plaintiff without probable cause, and without a reasonable basis to believe such cause existed. These actions violated Plaintiff's rights under the Fourth Amendment of the United States Constitution.

40. As a direct and proximate result of the foregoing actions, Plaintiff suffered physical and emotional injuries, mental anguish, economic loss, incarceration and the deprivation of liberty, and the loss of his constitutional rights.

41. The foregoing conduct was willful, malicious, oppressive, and/or reckless, and was of such a nature that punitive damages should be imposed against the Officer Defendants.

42. As a result of the foregoing, Plaintiff is entitled to compensatory damages in an amount to be fixed by a jury and is further entitled to punitive damages against the Officer

Defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## SECOND CAUSE OF ACTION
### Deprivation of Rights Under N.Y.C. Admin. Code § 8-801 *et seq.*
### Against All Defendants

43. Plaintiff repeats the allegations contained in each of the foregoing paragraphs as though stated fully herein.

44. Plaintiff and the Officer Defendants are, respectively, a "person aggrieved" and "covered individuals" within the meaning of N.Y.C. Admin. Code § 8-801.

45. Defendant City is the "employer "of the Officer Defendants within the meaning of N.Y.C. Admin. Code § 8-803(b).

46. The Officer Defendants willfully and intentionally seized, detained, and arrested Plaintiff without probable cause, and without a reasonable basis to believe such cause existed.

47. As a direct and proximate result of the foregoing actions, Plaintiff suffered physical and emotional injuries, mental anguish, economic loss, incarceration and the deprivation of liberty, and the loss of his constitutional rights.

48. The foregoing conduct was willful, malicious, oppressive, and/or reckless, and was of such a nature that punitive damages should be imposed.

49. As a result of the foregoing, Plaintiff is entitled to compensatory damages in an amount to be fixed by a jury and is further entitled to punitive damages in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## THIRD CAUSE OF ACTION
### Assault and Battery
### Against All Defendants

50. Plaintiff repeats the allegations contained in each of the foregoing paragraphs as though stated fully herein.

51. The Officer Defendants, acting within the scope and course of their duties as NYPD officers, caused a harmful or offensive contact with Plaintiff, and did touch and strike Plaintiff without legal justification, causing Plaintiff injury and an imminent apprehension of such a contact.

52. As a direct and proximate result of the foregoing conduct, Plaintiff suffered physical and emotional injuries, mental anguish, economic loss, incarceration and the deprivation of liberty, and the loss of his constitutional rights.

53. The foregoing conduct was willful, malicious, oppressive, and/or reckless, and was of such a nature that punitive damages should be imposed against the Officer Defendants.

54. Defendant City is liable for the Officer Defendants' conduct under the doctrine of *respondeat superior*.

55. As a result of the foregoing, Plaintiff is entitled to compensatory damages in an amount to be fixed by a jury and is further entitled to punitive damages against the Officer Defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## FOURTH CAUSE OF ACTION
### False Imprisonment
### Against All Defendants

56. Plaintiff repeats the allegations contained in each of the foregoing paragraphs as though stated fully herein.

57. The Officer Defendants, acting within the scope and course of their duties as NYPD officers, intentionally restrained Plaintiff's personal liberties by arresting him without reasonable or probable cause to believe a crime has been committed or that Plaintiff had committed that crime.

58. As a direct and proximate result of the foregoing conduct, Plaintiff suffered physical and emotional injuries, physical injuries, mental anguish, economic loss, incarceration and the deprivation of liberty, and the loss of his constitutional rights.

59. The foregoing conduct was willful, malicious, oppressive, and/or reckless, and was of such a nature that punitive damages should be imposed against the Officer Defendants.

60. Defendant City is liable for the Officer Defendants' conduct under the doctrine of *respondeat superior*.

61. As a result of the foregoing, Plaintiff is entitled to compensatory damages in an amount to be fixed by a jury and is further entitled to punitive damages against the Officer Defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

**WHEREFORE**, Plaintiff demands judgment and prays for the following relief, jointly and severally, against the Defendants:

**(A)** full and fair compensatory damages in an amount to be determined by a jury;

**(B)** punitive damages, as permitted by law, in an amount to be determined by a jury;

**(C)** reasonable attorney's fees and the costs and disbursements of this action;

**(D)** interest; and

**(E)** such other and further relief as appears just and proper.

Dated: October 9, 2024

Joshua S. Moskovitz
The Law Office of Joshua Moskovitz, P.C.
392 Central Avenue # 7803
Jersey City, NJ 07307
Tel. (212) 380-7040
Josh@MoskovitzLaw.com

*Attorney for Plaintiff*